IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Liam Motors, LLC., ) | Civil Action No: 4:13-1810-MGL |
| ) | |
| Plaintiffs, ) | |
| vs. ) | |
| ) | |
| M&A Auto Sales, a business ) | |
| entity form unknown; M&A ) | |
| Automotive, a business entity form ) | **Order and Opinion** |
| unknown; M & A Auto Inc., ) | |
| a California corporation; Topaz ) | |
| Financial Services, a business ) | |
| entity form unknown; Alon ) | |
| Yehezkelof, Mordechai a/k/a Moti ) | |
| Yehezkelof; and Ronit Yehezeklof, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Plaintiff's motion for remand (ECF No. 11) and Defendants' Motion to Transfer Venue. (ECF No. 15).

## BACKGROUND

Plaintiff Liam Motors, LLC. ("Plaintiff") owns and operates a used car dealership in Horry County, South Carolina, with its principal place of business in Myrtle Beach, South Carolina. On February 8, 2013, Plaintiff brought this action against Defendants Topaz Financial Services, M&A Auto Sales, M&A Automotive, Alon Yehezkelof, Mordechai Yehezkelof, and Ronit Yehezkelof's [1] (collectively, "Defendants") in the South Carolina Court of Common Pleas for the County of Horry. In its complaint, Plaintiff alleges causes of action

---

[1] Defendants contend that Plaintiff improperly pleaded Defendant Topaz Financial Services, LLC as Topaz Financial Services and improperly pleaded M&A Auto as either M&A Auto Sales or M&A Automotive.

1

for Breach of Contract, Fraudulent/Negligent Misrepresentation, Unfair Trade Practices, and Defamation. (ECF No. 1-1).

The complaint alleges that Plaintiff, as part of its normal business routine, acquires automobiles from various sellers, including auctions and other dealers, both within and outside South Carolina which it sells to the general public. (ECF No. 1-1 at 7). The complaint also alleges *inter alia* that Defendants sell and finance automobiles to other dealers and consumers. *Id.* at 7.

Plaintiff contends that it paid for vehicles that Defendants collectively failed to deliver, and that Defendants failed to deliver marketable title to other vehicles allegedly purchased by Plaintiff from Defendants. *Id.* at 8. Plaintiff also contends that Defendants took possession of vehicles from nonparty All Valley Dealer Auto Auction, Inc. ("AVDAA"; improperly titled "All Valley Auto Dealer's, Inc." in Plaintiff's Complaint) without making proper payment and delivered vehicles to Plaintiff without delivering marketable title. *Id.* at pp. 10-12. Plaintiff's cause of action for defamation concerns Defendants' report of fraud to the South Carolina Division of Motor Vehicles. *Id.* at 15.

On July 2, 2013, Defendants removed the case to this court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (ECF No. 1). On August 2, 2013, Plaintiff moved, pursuant to 28 U.S.C. § 1447(c), to remand the case to state court. (ECF No. 11). Thereafter, on September 13, 2013, Defendants moved pursuant to 28 U.S.C. § 1404(a) to transfer venue to the United States District Court for the Central District of California Western Division on September 13, 2013. (ECF No. 15). The court first turns to Plaintiff's Motion to Remand.

## ANALYSIS

### I. Motion to Remand

Plaintiff files its Motion to Remand this case back to State Court pursuant to 28 U.S.C. § 1447(c). Plaintiff asks the court to remand this matter to the Horry County Court of Common Pleas due to Defendants' alleged failure to comply with the provisions of 28 U.S.C. § 1446(b)(1). Specifically, Plaintiff asserts that Defendants' notice of removal of this action to this Court was improper because it was not timely. Defendants oppose Plaintiff's Motion to Remand and argue that Plaintiff's motion should be denied because Plaintiff did not file its motion to remand within the 30-day deadline set forth in 28 U.S.C. § 1447(c) and is, likewise, untimely.

28 U.S.C. § 1447(c) provides that "a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." Defendants argue that Plaintiff has waived its objections to any alleged procedural deficiencies in Defendants' Notice of Removal because Plaintiff's Motion to Remand was not filed within the 30-day deadline set forth in 28 U.S.C. § 1447(c). The Fourth Circuit Court of Appeals has found that "[s]ection 1447(c) effectively assigns to the parties the responsibility of policing non-jurisdictional questions regarding the propriety of removal, permitting them to assert a procedural defect or to waive the defect if they choose to remain in the federal forum." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 198 (4th Cir. 2008) (emphasis added) (analyzing district court's decision to remand *sua sponte* that was outside scope of § 1447(c)). If a plaintiff does not file a motion to remand within thirty days of the filing of the Notice of Removal, the

3

plaintiff waives all procedural defects in the removal. *In Re Shell Oil Co.*, 932 F.2d 1523, 1527 & nn. 6-7 (5th Cir.1991). In this matter, Plaintiff did not file its Motion to Remand to State Court (ECF No. 11) until August 2, 2013. Due to the fact that the month of July contains thirty-one (31) days, calculating the 30-day period required by § 1447(c) in accordance with Federal Rule of Civil Procedure 6(a)(1) results in Thursday, August 1, 2013, being the last day of the 30-day period. August 1, 2013 was not a legal holiday and did not fall on a weekend. Since Plaintiff failed to file its Motion to Remand to State Court within the time prescribed by 28 U.S.C. 1447(c), Plaintiff has waived its right to object to a defect in removal procedure. Therefore, Plaintiff's Motion to Remand is denied. The court next considers Defendants' Motion to Transfer Venue.

## II. Motion to Transfer

Defendants move, pursuant to 28 U.S.C. § 1404(a), to transfer this action to the United States District Court for the Central District of California Western Division. (ECF No. 15). Plaintiff opposes the Motion to Transfer Venue (ECF No. 16) arguing only that Plaintiff is a "mom and pop auto retailer that would effectively be priced out of asserting its rights" if Defendants' Motion to Transfer Venue is granted. (ECF No. 16 at 2).

Section 1404(a) provides that a district court may transfer any civil action to any other district where the action may have been brought initially, (1) for the convenience of the parties; (2) for the convenience of the witnesses; and (3) in the interests of justice. Section 1404(a) is "intended to place discretion in the district courts to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Under the statute's provisions, the district court has broad discretion to grant or deny a motion to

4

transfer to another district. *Landers v. Dawson Const. Plant, Ltd.*, 201 F.3d 436, 1999 WL 991419, at *2 (4th Cir. 1999) (Unpublished table decision) (holding a district court's ruling on a motion to transfer will only be reversed for a clear abuse of discretion).

When deciding a motion to transfer, the district court must engage in an analysis of convenience and fairness, weighing a number of case-specific factors. *Stewart Organization*, 487 U.S. at 29. In particular, factors commonly considered in ruling on a motion to transfer include: (1) the ease of access to the sources of proof; (2) the convenience of the parties and witnesses; (3) the cost of obtaining the attendance of the witnesses; (4) the availability of compulsory process; (5) the possibility of a view by the jury; (6) the interest in having local controversies decided at home; and (7) the interests of justice. *See Landers*, 201 F.3d 436, 1999 WL 991419, at *2.

## ANALYSIS

The first issue for this court's consideration in conducting a Section 1404(a) transfer analysis is whether this case could have been brought in the United States District Court for the Central District of California Western Division. Defendants contend, and Plaintiff does not dispute, that the Central District of California Western Division is a feasible venue for this civil action. (ECF No. 16 at 2). Therefore, the court will limit its inquiry to the issues of convenience and fairness.

### 1. Ease of Access to Sources of Proof

Defendants assert that the majority of relevant evidence is located in California, where Defendants principal place of business is located and where Defendants' records and representatives are located. Plaintiff does not contest Defendants' assertion that the

majority of relevant evidence is located in California. Thus, this factor weighs in favor of transfer.

### 2. The Convenience of the Parties and Witnesses

The convenience of the parties and the witnesses is an important consideration in a Section 1404(a) transfer analysis. *See Southwest Equip., Inc. v. Stoner & Co., Inc.*, 2010 WL 4484012, at *3 (D.S.C. Nov. 1, 2010). Plaintiff is located in South Carolina and Defendants are located in California. Defendants submit that all critical non-party witnesses to this action reside in or are located in California. Defendants assert that the distance required for non-party witnesses to travel from California to a forum in South Carolina would be an immense inconvenience for any willing non-party witness, thus making the likelihood of obtaining attendance of willing nonparty witnesses highly unlikely. Plaintiff does not dispute Defendants' assertion. Additionally, Plaintiff has not referenced whether or not it will even call any non-party witnesses in this matter. A court typically affords greater weight to convenience of non-party witnesses than party witnesses. *Id.* The court finds that the number of non-party witnesses would likely be better served by transfer of this action. This factor weighs in favor of Defendants' Motion to Transfer.

### 3. The Cost of Obtaining the Attendance of Witnesses

As previously set forth, Plaintiff's only argument in opposition to transferring this matter to California is that Plaintiff is a "mom and pop" auto retailer and cannot afford to litigate this matter against Defendants "who have access to unlimited financial resources." (ECF No. 16 at 2). Plaintiff fails to present any facts that support this argument. Whether this action is pending in South Carolina or in California, Plaintiff will have to pay an attorney

and will have to pay the associated costs of litigating this matter.  Should this matter remain in South Carolina, Plaintiff will have to pay additional expenses for his attorney to travel to California to take depositions and conduct discovery.  Whereas, if the matter is transferred to California, Plaintiff may choose to retain California counsel and lessen his financial burden.  Upon review, the court finds that litigating this matter in California would cause only a slight inconvenience to Plaintiff.  As such, the court finds that this factor weighs in favor of transfer.

### 4.  The Availability of Compulsory Process

Defendants argue that the "availability of compulsory process" factor favors transfer to the Central District of California Western Division.  Defendants aver that all of their non-party witnesses, live, work, and do business in California.  Since California is over 2,000 miles away from South Carolina, Defendants assert that none of these witnesses could be compelled to testify at trial in the District of South Carolina.  Rule 45 of the Federal Rules of Civil Procedure governs subpoenas.  A court is required to quash a subpoena that "requires a person who is neither a party nor a party's officer to travel more than 1000 miles from where that person resides, is employed, or regularly transacts business in person." Fed.R.Civ.P. 45 ( c)(3)(A)(ii).  Defendants contend that they would be prejudiced if they were required to present all of their non-party witnesses's testimony by deposition.  Plaintiff does not dispute Defendants' arguments.  Thus, the court finds that this factor also favors transfer.

### 5. The Possibility of a View by the Jury

Since, the jury is not likely to benefit from viewing a physical location, this factor is not applicable and favors neither party based upon the facts of this case.

### 6. The Interest of Having Local Controversies Decided at Home

In this matter, the court must decide whether venue is proper in Plaintiff's domicile South Carolina or Defendants' domicile California. It appears that both states have an equal interest in having this case litigated within its borders. If this matter is transferred to California, and if adjudication of this matter requires the application of South Carolina law, a federal court in California is capable of applying South Carolina law to this matter should the need arise. Therefore, this factor is neutral.

### 7. Interests of Justice

The final factor the court must consider is the "interests of justice." Analysis of the "interest of justice" factor requires a holistic approach, focusing on issues such as preserving judicial economy and conserving judicial resources. *Southwest Equip., Inc.,, 2010 WL 4484012 at *4 (citing Palmetto Bank v. Bankfirst*, No. 6:08–cv–4072–GRA, 2009 WL 212417, at *2 (D.S.C. Jan.28, 2009)). In *Southwest Equip. Inc.,* this approach entailed a comparison of statistics from the Administrative Office of the United States Courts regarding the median time from filing an action to disposition of the case.

Defendants set forth that the median time from filing of an action to disposition of the case in the District of South Carolina is 9.4 months, whereas the median time from filing of an action to disposition of the case in California is 10.4 months. (ECF No. 15-1 at 18). Based upon the foregoing, the court finds that this factor is neutral.

## **CONCLUSION**

After, consideration of the applicable § 1404(a) factors and record as a whole, the court finds that the Defendants have carried their burden in showing that the convenience of the parties, witnesses, and interest of justice merit transfer to the District of California. Accordingly, the court concludes that Defendants' Motion to Transfer Venue (ECF No. 15) is GRANTED. And, for the reasons previously stated Plaintiff's Motion to Remand (ECF No. 11) is DENIED. This case is hereby transferred to the Central District of California Western Division.

IT IS SO ORDERED.

/s/ Mary G. Lewis
United States District Judge

Columbia, South Carolina
October 27, 2013